IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DAWNE PURDIE, | ) | 4:12CV3051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 16, 2012. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      SUMMARY OF COMPLAINT**

Plaintiff has filed this action *pro se*. He is incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. (Filing No. 1 at CM/ECF pp. 1-2.) He filed this action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and alleges violations of the Eighth Amendment, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. (*Id.* at CM/ECF p. 2.) He has named the United States of America as the sole Defendant in this action. (*Id.* at CM/ECF p. 1.)

Plaintiff's allegations are sparse. Generally, he alleges only that he has not received "proper mental health care" while housed at the Tecumseh State Prison. (*Id.* at CM/ECF p. 3.) He has asked Tecumseh State Prison officials to transfer him to a facility that will provide him "proper" care, but his requests have been denied. Plaintiff alleges that he has exhausted the necessary administrative procedures prior to filing suit. (*Id.*) Plaintiff seeks an order requiring officials at his place of

confinement to evaluate him and then move him to a hospital administered by the Department of Veterans Affairs. (*Id.* at CM/ECF p. 5.) He also seeks $2.5 million in damages. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges that Tecumseh State Prison officials have failed to provide him with appropriate mental health care. As is apparent from its

name, Tecumseh State Prison is a *state* prison. Thus, it is unclear why Plaintiff has named the United States of America as the sole Defendant. Plaintiff does not allege in any way that the United States and its officials have contributed to his injuries. Furthermore, Plaintiff has not alleged that the United States or its officials are somehow involved in the operation or management of the Tecumseh State Prison. Put simply, his allegations do not give rise to a cause of action against the United States.[1] See *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

On the court's own motion, Plaintiff will have 30 days to amend his Complaint to name a proper defendant and clearly state a claim upon which relief can be granted against that defendant. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in abandonment of claims. The court reserves the right to conduct further review of the amended complaint should Plaintiff choose to file one.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to amend his Complaint to name a proper defendant and clearly state a claim upon which relief may be granted in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this

---

[1] Because Plaintiff has failed to allege a cause of action against the United States, the court need not consider whether the United States is immune from suit. See *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998) ("Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued.")

matter will be dismissed without further notice for failure to state a claim upon which relief may be granted. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in abandonment of claims.

3. The clerk's office is directed to set a pro se case management deadline using the following text: Check for amended complaint on August 15, 2012, and dismiss if none filed.

4. Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this12th day of July, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.