IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DAWNE PURDIE, ) | | 4:12CV3051 |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | **MEMORANDUM** |
| ) | | **AND ORDER** |
| UNITED STATES, ) | | |
| ) | | |
| Defendant. ) | | |

    This matter is before the court on Plaintiff's Motion to Amend Pleadings, which the court liberally construes as an Amended Complaint. (Filing No. 13.) For the reasons discussed below, the court finds that Plaintiff's Complaint (Filing No. 1) and Amended Complaint (Filing No. 13) do not meet general pleading requirements.

    Plaintiff filed an Amended Complaint in response to the court's order requiring him to amend to name a proper defendant and clearly state a claim upon which relief may be granted. (*See* Filing No. 12.) Plaintiff's Amended Complaint, like his original Complaint, is incredibly difficult to decipher. As best the court can tell, the crux of Plaintiff's argument is that Tecumseh State Prison officials have not provided him with sex offender treatment. (Filing No. 13 at CM/ECF pp. 1-8.) He alleges violations of numerous rights, including his rights to procedural and substantive due process, equal protection, and his rights under the Eighth Amendment, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. (*Id.* at CM/ECF pp. 1-2.)

    Plaintiff names as Defendants the United States of America, United States Attorney Deborah Gilg, the State of Nebraska, Warden Fred Britten, Larry Murphy, and Dr. Gieger. (*Id.* at CM/ECF p. 1.) Plaintiff does not set forth which Defendant, if any, is responsible for violating his constitutional or statutory rights.

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A pro se plaintiff's allegations should be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, pro se litigants must comply with the Federal Rules of Civil Procedure. See Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

The court has carefully reviewed Plaintiff's Complaint and Amended Complaint (Filing Nos. 1 and 13), as well as the 18 pages of exhibits attached to his original Complaint (Filing No. 1 at CM/ECF pp. 7-25). Based on this review, the court finds that Plaintiff's Complaint and Amended Complaint fail to comply with the general rules of pleading set forth in Federal Rules of Civil Procedure 8 and 10. Specifically, Plaintiff's allegations are unorganized and rambling, and Plaintiff fails to identify which allegations and legal theories relate to each Defendant. Apparently, Plaintiff expects the court to sort through his pleadings and exhibits in order to determine what allegations, if any, relate to each Defendant. The court will not undertake such a task.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, the court will give Plaintiff until October 19, 2012, to amend his Complaint in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Any amended complaint must clearly (1) set forth a short and plain statement of the claims against each Defendant; (2) state claims in numbered*

*paragraphs limited to a single set of circumstances; and (3) set forth each legal theory and how it relates to each Defendant.*

2.  The court will dismiss this matter without further notice if Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with Rules 8 and 10 pleading requirements.

3.  The clerk's office is directed to set a pro se case management deadline in this matter: October 19, 2012: Check for amended complaint and dismiss with prejudice if none filed or fails to comply with Rules 8 and 10.

4.  Plaintiff's Motion to Amend Pleadings (Filing No. 13), liberally construed as an Amended Complaint, is granted to the extent it is consistent with this Memorandum and Order.

DATED this 6th day of September, 2012.

> BY THE COURT:
>
> *s/ John M. Gerrard*
> United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.