IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH DAWNE PURDIE, | ) | 4:12CV3051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES, DEBORAH R. | ) | |
| GILG, STATE OF NEBRASKA, | ) | |
| FRED BRITTEN, LARRY | ) | |
| MURPHY, and DR. GIEGER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on review of Plaintiff's second Amended Complaint. (Filing No. 16.) The court previously determined that Plaintiff's Complaint and Amended Complaint failed to state a claim upon which relief may be granted and failed to comply with the general rules of pleading. (Filing Nos. 12 and 15.) In response, Plaintiff filed a second Amended Complaint. (Filing No. 16.) For the reasons discussed below, the court finds that summary dismissal of Plaintiff's second Amended Complaint is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. Claims Against Nebraska and its Agents

Liberally construed, Plaintiff alleges Fourteenth Amendment due process claims against the State of Nebraska and three of its employees, Fred Britten, Larry Murphy, and Doctor Geiger. Plaintiff alleges that he asked Fred Britten, Larry Murphy, and Doctor Geiger to provide him with sex offender treatment, and they refused.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural

protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, Plaintiff must demonstrate that he has been deprived of a liberty interest in order to successfully claim that his Fourteenth Amendment right to due process has been violated. *Persechini v. Callaway*, 651 F.3d 802, 806 (8th Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)). A liberty interest can arise out of the Due Process Clause itself or be state-created. *Id.* (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Liberally construed, Plaintiff alleges he has a *state-created* liberty interest in participating in sex offender treatment because the State of Nebraska has determined that he is a registered sex offender. (Filing No. 16 at CM/ECF p. 3.) However, this argument is foreclosed by the Nebraska Supreme Court's recent decision in *S.C. v. Mental Health Bd. of the Fifth Jud. Dist.*, 810 N.W.2d 699, 703-4 (Neb. 2012). In *S.C.*, the court determined that Nebraska state law does not create a "protected liberty interest in obtaining sex offender treatment while still incarcerated," nor does Nebraska state law require sex offenders to obtain treatment prior to release. *Id.* ("In Nebraska, however, treatment is not a condition of release at the end of a criminal sentence, nor is there any statute mandating the State to provide treatment of any kind to inmates. As noted, [Neb. Rev. Stat.] § 710-1202 states that '[i]t is the public policy of the State of Nebraska that dangerous sex offenders be encouraged to obtain voluntary treatment,' but that language is merely suggestive. It does not create a liberty interest of which S.C. can claim he was deprived."); *see also Jones v. Moore*, 996 F.3d 943, 945 (8th Cir. 1993) (holding the plaintiff had no liberty interest in participating in Missouri's sex offender treatment program).

Moreover, federal courts have consistently held that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs under the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (stating Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers

"grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services). Thus, because Plaintiff does not have a liberty interest in participating in sex offender treatment, the court finds that Plaintiff's due process claims against the State of Nebraska, Fred Britten, Larry Murphy, and Doctor Geiger fail to state a claim upon which relief may be granted. In addition, the court finds that allowing Plaintiff yet another opportunity to amend his claims against these Defendants would be futile.

## II. Claims Against the United States and Deborah Gilg

Plaintiff's claims against the United States and United States Attorney Deborah Gilg relate entirely to Deborah Gilg's alleged failure "to investigate and look into Plaintiff's complaint." (Filing No. 16 at CM/ECF p. 5.) These claims lack merit. As is apparent from the prison's name, Tecumseh State Prison is a *state prison*. Plaintiff has not alleged that the United States or its officials are somehow involved in the operation or management of the prison. Moreover, "the United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Absent a waiver, sovereign immunity shields the federal government and officers of the United States who act in their official capacities from suit. *FDIC v. Meyer*, 510 U.S. 471, 475-86 (1994). The record before the court does not show that the United States consented to be sued in this matter. For these reasons, Plaintiff's claims against the United States and Deborah Gilg will be dismissed.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice.

3

2.  A separate judgment will be entered in accordance with this Memorandum and Order.

3.  The clerk's office is directed to place the "28USC1915(g)_STR" flag on this matter.

DATED this 3rd day of January, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.